**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **XEROX CORPORATION** | : |
| | : |
| v. | :    **CIVIL NO. L-02-1734** |
| | : |
| **PHOENIX COLOR** | : |
| **CORPORATION, et al.** | : |

## ORDER

On May 20, 2002, Plaintiff Xerox Corporation ("Xerox") filed a suit against Phoenix

Color Corporation ("Phoenix"). On June 25, 2002, Phoenix filed a Motion to Dismiss. In

response, Xerox filed an Amended Complaint which also named Technigraphix, Inc.

("Technigraphix") as a Defendant. In response to the Amended Complaint, each Defendant filed

a Motion to Dismiss, with a joint Memorandum in Support of their motions. Defendants argue

that Plaintiff fails to state a claim upon which relief can be granted.

Ordinarily, a complaint should not be dismissed for failure to state a claim under Federal

Rule of Civil Procedure 12(b)(6) unless it appears beyond all doubt that the plaintiff can prove no

set of facts in support of its claim which entitle it to relief. See Conley v. Gibson, 355 U.S. 41,

45-46 (1957); Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995). The liberal pleading

requirements of Rule 8(a) demand only a "short and plain" statement of the claim. In evaluating

such a claim, the Court must accept as true all well-pleaded allegations of fact and view them in

the light most favorable to the plaintiff. See Jenkins v. McKeithen, 395 U.S. 411, 421-22 (1969).

In essence, the legal theory articulated, or even suggested, by the non-moving party must be one

that could not be the basis for a ruling in that party's favor.

The core of Plaintiff's claim is that the Defendants have an outstanding balance of over



$3 million owed to Xerox for leased goods and services provided by Xerox to the Defendants. While spare, the Complaint complies with the liberal pleading requirements of Federal Rule of Civil Procedure 8(a). Answers to any remaining questions can be sought in discovery.

Plaintiff filed a mass of documents with its Amended Complaint. These documents constitute evidence and were improperly filed. Judge Legg is discarding his copies, and the clerk's office will return the originals to Plaintiff.

The Court, therefore, ORDERS:

(i)     Defendant's Motion to Dismiss (docket No. 4) is DENIED;

(ii)    Defendant Phoenix's Motion to Dismiss (docket No. 9) is DENIED;

(iii)   Defendant Technigraphix's Motion to Dismiss (docket No. 10) is DENIED; and

(iv)    The CLERK is instructed to RETURN the attachments to the Amended Complaint (docket No. 6) to the Plaintiff.

A scheduling Order will be filed separately.

It is so ORDERED this _29th_ day of October, 2002.

_____
Benson Everett Legg
United States District Judge