**EXHIBIT 1**



1

1      IN THE UNITED STATES DISTRICT COURT
2          FOR THE DISTRICT OF MARYLAND
3
4   XEROX CORPORATION,              :
5          Plaintiff                :
6      vs.                          :   CIVIL ACTION NO.
7   PHOENIX COLOR CORPORATION       :
8   and                             :   L-02-CV-1734
9   TECHNIGRAPHIX, INCORPORATED,    :
10         Defendants               :
11         ----------------------
12
13      Deposition of **FRANCIS L. TOBIN**, taken on
14   Monday, March 10, 2003, at 10:05 a.m., at the Law
15   Offices of Piper Rudnick, 6225 Smith Avenue,
16   Baltimore, Maryland, before CARLA M. SINCLAIR,
17   Notary Public.
18         ----------------------
19
20   Reported by:
21   CARLA M. SINCLAIR, RPR, CRR

CRC-SALOMON
Baltimore, Maryland
Phone (410) 821-4888   Fax (410) 821-4889

```
 1           MR. FRIEDMAN:  It has to do with the
 2   disagreement that you and I have regarding the
 3   amount of time you have left for depositions.
 4           As we both know, each side is limited to
 5   15 hours of deposition time for fact witnesses.
 6   It is the plaintiff's contention you have
 7   utilized 15 and a quarter hours to date.  I know
 8   that you disagree.  I would like you to tell me
 9   how many hours you think you have left.
10   Mr. Tobin is here today in the spirit of
11   cooperation, because we agreed to provide him
12   certainly in advance of any indication that we
13   are going to be at or near the 15-hour
14   limitation, and I would like to get some sense of
15   how long you expect to be with him, if you know.
16   I understand that these things are elastic and
17   you don't know for sure.
18           I will be happy to explain why I think
19   you have already had your 15 hours, if you want.
20           MR. GAUMONT:  Thus far, the depositions
21   have taken four hours in the case of Mr. Nussbaum
```

1  and Mr. Burkey, some of the more important
2  witnesses. They have been as short as one hour
3  for Mr. Buckson and a little over an hour for
4  Ms. Elizondo.
5        I believe I have at least two hours left
6  because of the amount of time that you have taken
7  in redirect and the amount of colloquy that we
8  have had to engage in.
9        That colloquy has been based upon
10 objections that you have made to some of the
11 questioning.
12       With that said, I would like to know
13 whether in the spirit of good faith you are
14 willing to extend additional time. If we do cut
15 this deposition short, I will be leaving it open.
16 We will be moving for leave for additional
17 deposition time. I believe it's very likely that
18 either you and I will be flying out to Colorado
19 to finish this deposition or Mr. Tobin will be
20 returning here.
21       THE WITNESS: I will let you answer

1  that.

2  MR. FRIEDMAN: That is directed at me.
3  My response is, I'm willing to extend additional
4  time, even if my calculation says you are at the
5  limit, and that's why he is here today. If you
6  believe you have two hours, then I will limit it
7  to two hours, and that's as far as I'm willing to
8  go, based upon your own calculations. I think
9  that's more than fair. So I'm telling you this
10 now so you can structure your questions and try
11 to keep it within that framework.

12 MR. GAUMONT: Okay. Let's see where we
13 are in two hours. Maybe I can cajole an
14 additional few minutes out of you if we are at or
15 near that time.

16 MR. FRIEDMAN: Okay.

17 Q. Mr. Tobin, did you review any documents
18 in preparation for your deposition today?

19 A. Yes.

20 Q. You have a folder in front of you. Do
21 those contain documents you reviewed in

terms of the contract change the duration of the price, you consider it to be a new lease agreement; right?

   MR. FRIEDMAN: Objection. I instruct you not to answer. This is beyond cross. You are now getting back into an area we covered before and we are past the two hours. I'm instructing you not to answer for the reasons I just said. You are beyond the two hours you agreed to. You are now getting beyond cross-examination. You are opening and getting into areas you were in before. You can't go over this over and over and over again. Let's put an end to this.

   MR. GAUMONT: One, I didn't agree to the two hours. We agreed to revisit the issue of time.

   MR. FRIEDMAN: It is now two hours and twenty minutes.

   MR. GAUMONT: I want to get on the record you are not granting me additional time to

go into this area; is that right, Sidney?

MR. FRIEDMAN: I agreed to -- you're past the time allowed, by your own calculation, for factual witnesses. You have now gone beyond cross-examination into new areas or old areas, in my opinion, that we already covered in your direct. It is just going on and on and on. I'm not going to let it go on any further. Those are my reasons.

MR. GAUMONT: Your reasons it appears are based entirely upon the issue of time; right?

MR. FRIEDMAN: No. I said time and the fact that you have gone beyond the scope of cross-examination. You are not permitted to reopen old areas of direct. You can only cover what I covered with him in cross on redirect.

MR. GAUMONT: There have been many times in a deposition we have discussed issues previously covered when at the end of the deposition an attorney realizes that he or she needs a clarification on a few points.

1    I would state that we are moving for
2 leave for additional time for fact deposition
3 witnesses.  If you do not permit me to ask these
4 questions, I will leave this deposition open, and
5 as long as you have the understanding that at
6 some point Mr. Tobin might return or we might be
7 flying out to Colorado to take this deposition,
8 then I'm willing to end it, at least for the day.
9 This deposition will remain open unless you allow
10 me these additional questions.
11    MR. FRIEDMAN:  I won't allow you any
12 additional questions until the Court grants you
13 that permission since you are beyond the, you are
14 beyond, even by your own calculations, you are
15 more than two hours past my calculations, and you
16 are beyond the scope of cross.  You are clearly
17 not entitled to this.
18    MR. GAUMONT:  Okay.  Thank you, sir.
19    MR. FRIEDMAN:  You have the right to
20 read and review this transcript which the court
21 reporter will prepare.  You have the right to