IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| XEROX CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>PHOENIX COLOR CORPORATION<br><br>and<br><br>TECHNIGRAPHIX, INC.,<br><br>Defendants. | CIVIL ACTION NO. WDQ 02 CV 1734 |

**PHOENIX COLOR'S REPLY TO XEROX'S OPPOSITION TO
MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule 56 and Rule 105(c) of the Local Rules of this Court, Phoenix Color Corporation ("Phoenix Color") serves this Reply to Xerox Corporation's ("Xerox") Response in Opposition to Phoenix Color's Motion for Summary Judgment and Reply to Motion for Summary Judgment ("Xerox's Opposition").

## INTRODUCTION

Xerox's Opposition practically concedes that there is no basis for granting summary judgment in its favor and argues instead that there are "questions of fact" that warrant denial of summary judgment for Phoenix Color. Xerox's Opposition at 8, 13. Specifically, Xerox states that "[w]hether or not Mr. Tyler was an agent of Phoenix Color is a question of fact which should be resolved by the trier of fact at trial of this matter, and not through Summary Judgment." *Id.* 8.

Xerox is wrong. The undisputed facts show that Mr. Tyler was **not an agent** of Phoenix Color. "The plaintiff has the burden of proving the existence of the principal-agent relationship, including its nature and its extent." *See National Mortgage Warehouse, LLC v. Bankers First Mortgage Co.*, 190 F. Supp. 2d 774, 779 (D. Md. 2002) (internal quotations omitted). This Court has repeatedly granted summary judgment where, as here, the non-moving party has produced no facts supporting its claims of agency. *See National Mortgage Warehouse*, 190 F. Supp. 2d 774 (D. Md. 2002); *Integrated Consulting Servs., Inc. v. LDDS Communications, Inc.*, 996 F. Supp. 470 (D. Md. 1998). In short, Phoenix Color is entitled to complete summary judgment in its favor because Xerox cannot meet its burden of showing that (1) Phoenix Color held out Mr. Tyler as its agent an agent; and (2) Xerox acted prudently in determining whether Mr. Tyler had authority to contract for Phoenix Color.

## ARGUMENT

### A. Xerox Does Not Dispute That No "Actual Agent" of Phoenix Color Contracted With Xerox.

In its Motion for Summary Judgment, Phoenix Color showed that all of the individuals who signed the leases or contracts at issue in this case -- Donald Tyler, Jack Tiner and Walt Marple -- were not agents of Phoenix Color. Phoenix Color's Motion for Summary Judgment at 8-10, 12-14. Phoenix Color also demonstrated that all of the lease modifications and contracts in this case -- with the exception of the December 1999 lease modifications -- were in the name of "Technigraphix" or "Technigraphix: A Wholly Owned Subsidiary of Phoenix Color," not "Phoenix Color." *Id.* at 4-5. Xerox's Opposition does not mention the contracts and leases signed and authorized by Mr. Tiner and Mr. Marple (all of which identify Technigraphix as the customer) or the contracts or leases that Mr. Tyler signed on behalf of Technigraphix, even though they form the basis of much of Xerox's claims.

As a result, Phoenix Color will refer to the arguments that it made in its Motion for Summary Judgment as to why these claims must be dismissed.

The only issue that Xerox disputes is whether Mr. Tyler was an "agent" of Phoenix Color when he signed the December 1999 lease modifications that purport to bind Phoenix Color. Maryland law recognizes two types of agency – "actual" and "apparent." While Xerox does not specify its theory of agency, Xerox cannot be alleging that Mr. Tyler was an "actual agent" of Phoenix Color, because Xerox does not and cannot dispute the following facts:

- Mr. Tyler was not employed by Phoenix Color when he signed the December 1999 modifications (*see* Deposition of Edward Lieberman ¶ 18, attached as Exhibit A to Phoenix Color's Motion for Summary Judgment);

- Phoenix Color never authorized Mr. Tyler to enter into any contracts with any vendors on Phoenix Color's behalf (*Id.*);

- Phoenix Color did not know that the December 1999 modifications purported to be in Phoenix Color's name until October 2000 when informed by Xerox (*Id.* ¶ 16);

- Technigraphix continued to pay Xerox the monthly payments due under the leases involved this case after the December 1999 modifications (*Id.* ¶ 13); and

- The equipment has remained stored and unused since shortly after Technigraphix ceased active operations in late-September 2000 (*Id.* ¶ 24).

Put simply, Mr. Tyler cannot be an "actual agent" of Phoenix Color because Phoenix Color did not employ Mr. Tyler when he signed the lease modifications and, more important, Phoenix Color never authorized him to contract with its vendors, like Xerox, on Phoenix Color's behalf. *See Integrated Consulting Servs*, 996 F. Supp. at 475 ("There is no factual support in the record for the conclusion that [the agent] was subject to [the principal's] control or had authority to bind [the principal]" …. "[t]he

Court must conclude, as a matter of law, that no agency relationship existed between [the agent] and [the principal]."). Mr. Tyler was not an "actual agent" of Phoenix Color, and Xerox presents no facts to the contrary.

### B. No "Apparent Agent" of Phoenix Color Contracted With Xerox.

Instead, Xerox's Opposition appears to argue that Mr. Tyler was an "apparent agent" of Phoenix Color. Xerox's Opposition states repeatedly that Mr. Tyler "held himself out to Xerox as a Vice President of Phoenix Color Corporation," and that Xerox "was led to believe that Donald Tyler was a Vice President of Phoenix Color with the authority to contract on its behalf." Xerox's Opposition at 5, 6, 7. While these statements are untrue,[1] they are also immaterial to this Court's analysis of whether Donald Tyler was an "apparent agent" of Phoenix Color when he signed the December 1999 lease modifications.

"[U]nder the equitable theory of apparent agency .... a principal is bound by the acts of another where the words or actions *of the principal* cause the third party to consent to or has authorized the conduct of the agent." *National Mortgage*, 190 F. Supp.2d at 780 (emphasis added). There is nothing in the record, however, suggesting that Phoenix Color was aware of or participated in any of the conduct

---

[1] While it is not material to this summary judgment motion, Mr. Tyler has sworn that during the time when he was employed by Technigraphix, he never told vendors that he was a Phoenix Color employee and that he never held himself out as anything other than an officer or employee of Technigraphix. *See* Affidavit of Donald C. Tyler ¶¶ 4-5, attached as Exhibit H to Phoenix Color's Motion for Summary Judgement.

alleged by Mr. Tyler (i.e. distributing an old business card) upon which Xerox is basing its claim of "apparent authority." For that reason, Xerox's claims must be dismissed.

Additionally, for Phoenix Color to be bound by Mr. Tyler's acts, Xerox must have used "reasonable diligence and prudence" to determine whether Mr. Tyler could, in fact, contract for Phoenix Color. *Id.* Again, there is nothing in the record suggesting that Xerox conducted any diligence whatsoever to determine whether Mr. Tyler's employment as a Technigraphix officer allowed him to contract for Phoenix Color. For this additional reason, Xerox's claims must be dismissed.

### 1. Xerox Can Provide No Facts Upon Which Phoenix Color Held Out Mr. Tyler To Xerox As Its Agent.

Apparent authority may exist when the principal has done or said something that would suggest to a third party that the agent has authority to act on its behalf. "Apparent authority is based on the principal holding the agent out as having the authority upon which he acts, not upon what one thinks agent's authority might be, or what the agent holds out his authority to be." *General Amer. Life Ins. Co. v. South Bank*, 100 F.3d 893, 898 (11th Cir. 1996). "A court will look ***only to the conduct of the principal*** [i.e. Phoenix Color] in determining a claim of apparent agency." *National Mortgage Warehouse*, 190 F. Supp.2d at 780 (emphasis added). In other words, a plaintiff cannot survive summary judgment by arguing that the purported agent, Mr. Tyler, acted in a manner suggesting that he had authority from Phoenix Color. Instead, the plaintiff must produce some facts relating to the acts or knowledge of the principal – in this case, Phoenix Color.

The only argument that Xerox makes for apparent authority is that Mr. Tyler "held himself out" as an agent of Phoenix Color. As evidence of this assertion, Xerox cites deposition testimony from two Xerox employees – Armando Garcia and Patricia Elizondo – and includes this deposition testimony as Exhibits 3 and 4 to its opposition. Xerox's Opposition at 5. This evidence does nothing to show that Phoenix Color said or did anything to couch Mr. Tyler with apparent authority

- Armando Garcia testified that at some meeting Mr. Tyler gave him a business card that identified him as a Phoenix Color Vice President. *See* Deposition of Armando Garcia at page 32, line 4, attached as Exhibit 3 to Xerox's Motion for Summary Judgment. Mr. Garcia does not recall Mr. Tyler actually saying that he was a Vice President of Phoenix Color. *Id.* at line 8. Other than Bruce Nussbaum, Mr. Garcia does not recall whether anyone else was present at this meeting. *Id.* page 31, lines 1-6.

- Patricia Elizondo testified that Jack Tiner, the former Technigraphix President, introduced Mr. Tyler as the new "decision maker" at a meeting attended by Tiner, Tyler, Elizondo and either Nussbaum or Ed Buckson (Mr. Nussbaum's sales manager). *See* Deposition of Patricia Elizondo at page 36, lines 3-17, attached as Exhibit 4 to Motion for Summary Judgment. Ms. Elizondo also recalls that Mr. Tyler gave her a business card she "believ[ed] had Phoenix Color on it." *Id.* at 40, lines 11-12. There is nothing in the record indicating that Ms. Elizondo had any other meeting with any Technigraphix employee other than this introductory meeting with Messrs. Tiner and Tyler or that Ms. Elizondo ever met with anyone at Phoenix Color at any time.

For his part, Mr. Tyler has acknowledged that he did possess old Phoenix Color business cards from his prior employment at Phoenix Color and he does not recall whether he ever handed them out after he became an officer of Technigraphix. *See* Deposition of Donald Tyler at 84-85, attached as Exhibit 6 to Xerox's Opposition. Regardless of whether Mr. Tyler did or did not hand out old Phoenix Color business cards at introductory meetings with Xerox employees, no case has ever held that a principal can be liable for acts of a former employee because it has not retrieved from that former employee its company business cards. In fact, several courts have affirmed summary judgment when

the plaintiff has only been able to produce similar evidence. *See Sine Enterprises, Inc. v. Jaguar Credit Corp.*, 139 F.3d 912, 1998 WL 88156 (10th Cir. 1998) (affirming summary judgment on evidence that individual possessed business card of principal); *General American Life Ins. Co. v. South Bank*, 100 F.3d 893 (11th Cir. 1996) (same); *Asplund v. Selected Investments In Financial Equities, Inc.*, 86 Cal. App. 4th 26 (Ct. App. 2001) (same).

Although not cited by Xerox, the deposition of Mr. Nussbaum makes clear that Xerox's claim of apparent authority rests entirely on this old business card. In deposition, Mr. Nussbaum was asked about his basis for allegedly believing that Mr. Tyler was a Phoenix Color officer:

> Q. Did anyone ever tell you that Don Tyler was a vice-president of Phoenix Color?
>
> A. I don't recall.
>
> Q. At the time you were dealing with Don Tyler, did you think he was a vice president of Phoenix Color?
>
> A. He had a card, a business card, that said that effect.
>
> Q. So is that a yes or a no?
>
> A. Yes.
>
> Q. **Other than his business card, was there anything other that made you think, anything that anyone said or did, that made you think that he was a vice-president of Phoenix Color?**
>
> A. **That was enough for me ….**

*See* Deposition of Bruce Nussbaum, attached as Exhibit A, page 46 line 14 to page 47 line 7 (emphasis added).

Mr. Nussbaum's deposition confirms that this business card is the entirety of Xerox's evidence. Xerox's claim of apparent authority fails because it cannot show that Phoenix Color held Mr. Tyler out as an agent who could contract on behalf of Phoenix Color.

2.  **Xerox Can Provide No Facts That It Used Reasonable Diligence And Prudence to Determine Whether Mr. Tyler Could Contract for Phoenix Color.**

Xerox's claim for apparent authority should also fail because it has produced no evidence that it used reasonable diligence and prudence to determine Mr. Tyler's authority. In both *National Mortgage Warehouse* and *Integrated Consulting Services*, this Court dismissed on summary judgment claims based on apparent authority where the plaintiff had failed to offer proof that it had used the requisite diligence in determining a purported agent's authority. In explaining this requirement, the *National Mortgage* Warehouse Court stated:

> The third party must also have "'use[d] reasonable diligence and prudence to ascertain whether an agent [was] acting within the scope of his or her powers.'" *Integrated Consulting Servs. v. LDDS Communications*, 966 F. Supp. 470, 477 (D. Md. 1998) (*quoting Hill v. State*, 86 Md. App. 30, 585 A.2d 252 (Md. 1991)). "[T]here mere fact that one is dealing with an agent, whether the agency by general or special, should be a danger signal, and, like a railroad crossing, suggests the duty to 'stop, look or listen,' and he who would bind the principal is bound to ascertain, not only the fact of agency, but the nature and extent of the authority.'" *Id.* (*quoting Standard Acc. Ins. Co. Simpson*, 64 F.2d 583, 589 (4th Cir. 1933).

190 F. Supp. at 780.

Xerox has not presented this Court with *any* evidence that it used *any* diligence to determine whether Mr. Tyler had authority to contract for Phoenix Color or to alter the customer legal name on the December 1999 lease modifications. As explained in Phoenix Color's Motion for Summary Judgment, Xerox's credit manager, James Burkey, knew that Phoenix Color and Technigraphix were distinct corporations. When Mr. Burkey rejected Technigraphix's credit in October 1999, it was Xerox's duty to determine whether the same individual who was signing contracts on behalf of Technigraphix, Mr. Tyler, was also authorized to contract on behalf of Phoenix Color. Assuming that Mr. Tyler had previously given Xerox a business card that stated that he was a "Vice President" at Phoenix Color for "Quality Service Management," this evidence alone is insufficient to establish that Xerox satisfied its

duty to "stop, look and listen" and conduct reasonable diligence about the purported agent's relationship to the principal. *See National Mortgage Warehouse*, 190 F. Supp. 2d at 781-82 (summary judgment granted; "sophisticated mortgage lender" failed to "use reasonable diligence and prudence that the law requires in ascertaining the extent of an apparent agent's authority" in relying on old closing protection letter); *Integrated Consulting Servs.*, 996 F. Supp. at 477 (summary judgment granted; third party acted unreasonably in determining whether purported agent had authority to contract).

Xerox has presented no evidence that it conducted ***any diligence*** to determine whether Mr. Tyler had authority to bind Phoenix Color. For this additional reason, Xerox's claim of apparent authority must fail and summary judgment must be granted in Phoenix Color's favor.

## CONCLUSION

For these reasons and the reasons presented in Phoenix Color's Motion for Summary Judgment, Phoenix Color respectfully requests that this Court GRANT summary judgment in its favor.

Respectfully submitted,

*[signature]*

John R. Wellschlager (Fed. Bar No. 24752)
Robert A. Gaumont (Fed. Bar No. 26302)
Piper Rudnick LLP
6225 Smith Avenue
Baltimore, Maryland 21209
(410) 580-3000

*Attorneys for Phoenix Color Corporation and Technigraphix, Inc. Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of May, 2003 a copy of Phoenix Color Corp.'s Reply to Xerox's Opposition to Motion for Summary Judgment was mailed, postage pre-paid, to: Sidney S. Friedman, Esquire and Rosemary E. Allulis, Weinstock, Friedman & Friedman, P.A., Executive Centre, 4 Reservoir Circle, Baltimore, Maryland 21208-7301, attorneys for plaintiff.

_____
Robert A. Gaumont