IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| XEROX CORPORATION | * |
| | * |
|     Plaintiff | * |
| | * |
| v. | * |
| | * |
| PHOENIX COLOR CORPORATION, *et al* | * |
| | * |
|     Defendants | * |
| | * Civil Action No.: WDQ 02 CV 1734 |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE AND MOTION FOR PROTECTIVE ORDER**

**I.  Defendants' September 12, 2003 Expert Witness Report Should Be Excluded**

**1.  The Duty to Supplement Does Not Confer Leave to Expand the Scope of a Deficient Rule 26(a)(2) Expert Witness Report**

**A.  The January 23, 2003 report should be excluded by Rule 37 for failing to comply with Rule 26(a)(2) expert witness disclosures**

Federal Rule of Civil Procedure 26(a)(2) requires parties employing expert witnesses, to provide a written report that is prepared and signed by the witness.  Fed. R. Civ. Pro. 26(a)(2)(2003).  The report must be comprehensive, and "...shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor."  *Id*.  Although the Federal Rules do require expert witnesses to supplement their reports, this must be done at "appropriate intervals".  Fed. R. Civ. Pro. 26(e)(1)(2003).  The supplemental report should encompass

information contained in the original report that was either incomplete or incorrect, due to additional information later obtained. *Id.* The duty to supplement, however, is not a vehicle whereby the expert may change the scope of his testimony, or to bolster a woefully deficient Rule 26(a)(2) disclosure report.

In accordance with this Court's Scheduling Order, Defendants submitted their expert's Rule 26(a)(2) written report on January 23, 2003. As already noted, the Federal Rules require the report to contain a "complete" statement of "all" of the expert's opinions, the "basis and reasons therefor", and the underlying data used in formulating the opinions. Fed. R. Civ. Pro. 26(a)(2)(2003). Defendants' expert report submitted by Mr. Coor of CAP Ventures, Inc., identified the scope of his testimony as "...Industry Practices and the extent of Xerox's mitigation efforts with respect to the purported contracts at issue in this case." *See,* Exhibit 1: Defendants' expert witness report dated January 23, 2003 at 1, ¶ 1. Mr. Coor then disclosed that in order to complete his report, he "...reviewed industry data as it relates to the market for this equipment...." *Id.* at ¶ 2. The only other reference to industry practices that Mr. Coor made in his report, is that it is "...common industry practice to request a promissory note for an agreement of this size." *Id.* at ¶ 6. Finally, Mr. Coor's conclusion "...to a reasonable degree of professional certainty..." was that "...Xerox could have sold this equipment...found a party who would have assumed the existing...agreements,...negotiated new...agreements,...or ...could have remanufactured the printing equipment." *Id.* at 2, ¶ 4. This was the extent of the expert report, and the report that Plaintiff has relied upon in preparing its case for trial.

Secondarily, this report failed to comply with the disclosure requirements of Rule 26(a)(2), in that Mr. Coor did not also disclose the underlying data or other information that he relied upon in forming his opinions. *See,* Fed. R. Civ. Pro. 26(a)(2)(2003). Although Mr. Coor

did state that he "reviewed industry data", no such industry data was attached to his report. *See,* Exhibit 1: Defendants' expert witness report dated January 23, 2003 at 1, ¶ 2. Likewise, while reference is made to CAP Ventures Annual Market Forecast, no documentation, or citation for this publication was provided to Plaintiff. *Id.* at 2, ¶ 3.

As already noted, Defendants' expert report dated January 23, 2003 disclosed the scope of Mr. Coor's testimony. This report indicates that Mr. Coor would be testifying regarding, "...Industry Practices and the extent of Xerox's mitigation efforts with respect to the purported contracts at issue in this case." *See,* Exhibit 1: Defendants' expert witness report dated January 23, 2003 at 1, ¶ 1. Grammatically, it should be noted that there is no comma following the word "Practices". A plain reading of this statement, therefore, identifies the scope of this testimony as relating to Xerox's mitigation efforts only. Additionally, during Mr. Coor's deposition on September 17, 2003, Mr. Coor testified that prior to completing the January 2003 report, he was engaged to render his opinion regarding issue of valuation of equipment, and industry practices regarding acquiring and disposing of equipment. This testimony alone is sufficient to establish that Defendants either failed to comply with Rule 26(a)(2) when they submitted the January report, or that they are attempting to now materially expand the scope of their expert's testimony without substantial justification.

The expert report submitted on September 12th covers Defendants' expert's opinion regarding mitigation efforts as disclosed in the January report. In addition, however, the report also includes opinion testimony regarding Xerox's conduct within the printing industry with respect to standard of care under various theories, opinion testimony regarding the type of contract used for the transactions at issue, and opinion testimony regarding various clauses and terms within the contracts at issue. This type of opinion testimony is beyond the scope of the

first report and should be excluded.

      Rule 37(c) precludes a party from using evidence or testimony at trial if the party had failed to properly disclose the information in accordance with the Federal Rules of Civil Procedure. *See,* Fed. R. Civ. Pro. 37(c)(2003); *see also,* Rule 37(c) advisory committee notes. Unless the party seeking to offer the undisclosed information can show that the nondisclosure was "substantially justified", or if the nondisclosure is "harmless", the evidence must be excluded. *Id. See also, Southern States Rack and Fixture, Incorporated v. Sherwin-Williams Company*, 318 F.3d 592, 596 (2003). In conducting its analysis to determine whether the nondisclosure was substantially justified or harmless, the Court should consider the following factors: "...(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *See, Southern States Rack and Fixture*, 318 F.3d at 597. Because this Rule 26(a)(2) is a "self executing" rule, there is no requirement that the other party first file a motion to compel before seeking exclusion of the nondisclosed information. *See, Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo y Benficiencia de Puerto Rico,* 248 F.3d 29, 33 (1$^{st}$Cir.2001).

      In the present case, Defendants disclosed the scope of their expert's testimony in January 2003. That scope was limited by their own expert's written report, to consist of industry practices and Xerox's efforts at mitigation. Because this report was required by the Federal Rules to be a complete statement of all opinions to be expressed and the basis for those opinions, Plaintiff was justified in relying on the report when it proceeded through this litigation. The scope of the September 12th report is so markedly contrasting when compared to

the January 23rd report, that the second report should be considered an entirely new report. Defendants' explanation that the report is merely a supplement based upon new information should be disregarded. The only reasonable explanation for this difference is that the January 23rd report failed to comply with the Rule 26(a)(2) disclosure requirements. To submit this report on the eve of trial is certainly a trial by ambush tactic. The report contains expert opinion information that Plaintiff could not have reasonably expected under any circumstances. After reviewing the January 23rd report, Plaintiff made various critical and strategic decisions in conducting depositions, as well as making the decision that a rebuttal expert was not necessary. This type of surprise is exactly what Rules 26 and 37 are designed to avoid. Plaintiff's ability to prepare its case for trial has been prejudiced, and given that trial is little more than one month away, any attempt at curing the prejudice would be costly and unjust. The only way possible that the surprise and prejudice to Plaintiff could be cured would be to allow Plaintiff rebut the September 12th report through the testimony of a rebuttal expert. "...[T]he ability to simply cross-examine an expert concerning a new opinion...is not the ability to cure...." *See, Southern States Rack and Fixture*, 318 F.3d at 598. Retaining the services of a rebuttal expert, allowing for time to review the extensive discovery and other materials, completing a written report, and then conducting depositions - all on the eve of trial, would result in unnecessary expense for Plaintiff, and may disrupt trial of this matter. Considering this, in conjunction with Defendants' lack of reasonable explanation for the late disclosures, which are discussed in turn below, only warrants excluding them from trial.

**B.  The January 23, 2003 report should be excluded for failing to comply with the timely supplementation requirements of Rule 26**

Rule 26(e)(1) requires a party to supplement its expert report "...if it learns that in some material respect the information provided is incomplete, inaccurate, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process." *See, Tucker v. Ohtsu Tire & Rubber Co., Ltd.,* 49 F. Supp. 2d 456, 460 (D.Md.1999). Reports should be supplemented at "appropriate intervals...and with special promptness as the trial date approaches." *Id.* (*citing,* Fed. R. Civ. Pro. 26, advisory committee's note). In this case, Defendants' expert witness has not merely supplemented his report with additional or correction information. At the eleventh hour, he has significantly expanded the scope of his testimony, and without substantial justification. This type of tactic is the "trial by ambush" tactic that Federal Rules 26 and 37 are intended to avoid. *See generally, Id. See also, Southern States,* 318 F.3d 592. As such, Defendants' September 12, 2003 expert report should be stricken, and Mr. Coor's testimony should be limited to the scope as disclosed in his January 23, 2003 report.

First, this supplemental report was not completed at an "appropriate" interval, or with "special promptness", in light of the fact that trial is little more than one month away. All of the information cited by Mr. Coor has been available for many months, and none should be categorized as newly available information. Second, when read together with the January 23rd report, the September 12th report should not even be considered a supplementary report. Instead, it is a complete revision, with a significantly expanded scope. Because the scope of the two reports is so contrasting, the only reasonable explanation is that the January 23, 2003 report failed to comply with the requirements of Rule 26(a)(2). As such, Defendants should not be permitted to circumvent the requirements of Rule 26(a)(2) by merely titling this report as "supplemental".

If the Court does consider this to be a supplemental report, then in order to determine whether testimony newly disclosed information should be permitted at trial, the Court must consider whether allowing the testimony would be "unfair", or would cause "undue delay or expense". *See, Tucker,* 49 F. Supp. at 461. The following factors should be first considered by the Court: "...(1) the explanation for making the supplemental disclosure at the time it was made; (2) the importance of the supplemental information to the proposed testimony of the expert, and the expert's importance to the litigation; (3) potential prejudice to an opposing party; and (4) the availability of a continuance to mitigate any prejudice." *Id.*

In the instant case, depositions of various fact witnesses were conducted between February 25, 2003 and March 6, 2003. Discovery closed on March 10, 2003, in accordance with the Scheduling Order.[1] The deposition transcripts have been available since shortly after the depositions were conducted, and were used by both Defendants and Plaintiff for the Summary Judgment motions. Now, some six months after the close of discovery, and eight months after their Rule 26(a)(2) expert witness report was submitted, on September 12, 2003, Defendants' submitted what they are calling a "supplemental" expert report. *See,* Exhibit 2: Defendants' expert witness report dated September 12, 2003. This report is supposedly based upon information that had been previously unavailable. *Id.* at 1, ¶ 2. To justify this report, Defendants' expert, Mr. Coor cites three areas of information that he has reviewed to "supplement" his report. *Id.* First, are additional motions, orders, and opinions filed in this case, second is alleged additional discovery produced by Xerox, and third are deposition transcripts. *Id.* When considering these reasons in conjunction with the factors that the Court

---

[1] It should be noted that this Court denied Phoenix Color's motion to extend discovery, in its Memorandum Opinion entered July 14, 2003.

should consider in making its determination, none justify permitting the expanded scope of testimony.

First, to justify the September 12th report, Mr. Coor indicates that he based it on information that was not previously available. Even if the information contained within the summary judgment motions did warrant a supplemental report, the information that supported the motions had already been available for some months. Likewise, Mr. Coor relies upon deposition transcripts. Each of these depositions was conducted between February 28, 2003 and March 6, 2003. The transcripts have been available since shortly thereafter, and had been used by both all parties in their summary judgment motions.

Additionally, Defendants are alleging that there was additional discovery produced by Xerox "as late as August 6, 2003". *See,* Exhibit 2: Defendants' expert witness report dated September 12, 2003, at 1 ¶ 2. This is a mischaracterization of fact. Xerox timely responded to Defendants' discovery requests. In answer to Phoenix Color's First Request for Production of Documents, No. 17, Xerox produced specific pages of an internal learner guide. Phoenix had requested particular training documents, applicable to three Xerox agreements, specifically, "...the Sale Maintenance Agreement, Lease Agreement, and Addendum to Create a Separate Maintenance Agreement". In response, Xerox produced those pages of its internal training guide that were applicable to these forms, completely in compliance with Phoenix Color's request. Despite this, as a courtesy to opposing counsel, Plaintiff produced the entire chapter, and at the time of opposing counsel's request. Apparently opposing counsel objected to Xerox's not producing pages marked "left intentionally blank", and those pages of the booklet that were completely unrelated to their discovery request. Xerox produced, and Defendants had in their possession, all documents that were within the scope of their discovery requests.

The explanation cited by Mr. Coor regarding his supplemental report does not justify allowing his expanded testimony. The information he relies upon was available. More significantly, however, because the scope of his testimony has significantly expanded beyond that of his January 23rd report, allowing the September 12th report and related testimony, would prejudice Plaintiff's case. Since January, Plaintiff has relied upon Defendants' report in preparing its case, including deciding against a rebuttal expert witness. The only way to cure any prejudice would be to allow Plaintiff to obtain a rebuttal expert, or to continue the trial. Either way, the result would be unnecessary time and expense for both parties, as well as the Court.

## II. CONCLUSION

For the foregoing reasons, Defendants' expert witness report dated September 12, 2003 should be excluded, and the scope of Defendants' expert witness testimony should be limited to those opinions as disclosed in their Rule 26(a)(2) report. Because the scope of opinion testimony is materially expanded in the later report, Defendants either failed to comply with the requirements of the Rule 26(a)(2) disclosures, or the Rule 26(e) timely supplementation requirements.

### Points and Authorities

1. Federal Rules of Civil Procedure, Rules 26(a), 26(c), 26(e), 37(e)(2003).
2. *Southern States Rack and Fixture, Incorporated v. Sherwin-Williams Company*, 318 F.3d 592 (2003).
3. *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo y Benficiencia de Puerto*

*Rico,* 248 F.3d 29 (1$^{st}$Cir.2001).

4.     *Tucker v. Ohtsu Tire & Rubber Co., Ltd.,* 49 F. Supp. 2d 456 (D.Md.1999).

Respectfully Submitted,

WEINSTOCK, FRIEDMAN
& FRIEDMAN, P.A.

_____/S/_____
Sidney S. Friedman

_____/S/_____
Rosemary E. Allulis

Attorneys for Plaintiff

Executive Centre
4 Reservoir Circle
Baltimore, Maryland 21208-7301
(410) 559-9000